MAKAR, J.,
concurring.
I agree that Silvers’s convictions and sentences for the three lesser-included batteries in counts I — III violate double jeopardy, but write separately to explain my reasoning. Rather than analyze the three different non-consensual sexual acts by which Silvers abused the minor, the record and jury instructions can be read to conclude there were three different nonsexual batteries (he punched the victim in the eye, jaw and nose) that may have formed the basis for the jury to convict him of the three batteries. The double jeopardy clauses would apply to these three non-sexual crimes because they were part of one uninterrupted criminal episode. This approach avoids the conundrum of how the jury could have found that Silvers’s three unlawful sexual touchings of the minor could have formed anything other than discrete sexual acts for which the double jeopardy clause would not apply. Because the jury found Silvers guilty in counts IV-V, which involved unlawful sexual activity with a minor, they may have decided to check the three boxes on the verdict form for Counts I — III as simple batteries of the victim; their verdict would be logically inconsistent otherwise.